# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ORGAN WATER & SEWER ASSOCIATION,**

    **Plaintiff,**

vs.                                                                No. CIV 01-883 RB/WDS

**MOONGATE WATER COMPANY, INC.**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** is before the Court on Plaintiff's Substituted Motion for Summary Judgment (Doc. 23), filed November 16, 2001, Defendant's Motion for Summary Judgment (Doc. 27), filed December 14, 2001, Defendant's Motion for Joinder of the United States of America as a Party (Doc. 31), filed February 11, 2001, and Defendant's Motion for Partial Summary Judgment Over the Issue of Indebtedness and Claim for Prospective Injunctive Relief (Doc. 36), filed February 11, 2002. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the submissions of the parties and the relevant law, the Court finds that Plaintiff's motion should be denied, Defendant's motion for summary judgment (Doc. 27) should be granted in part and denied in part, and Defendant's motion for joinder and motion for partial summary judgment should be denied.

## I.   BACKGROUND

Organ Water & Sewer Association (hereinafter "OWSA") alleges it is entitled to enforcement of 7 U.S.C. § 1926(b), and relief under 42 U.S.C. § 1983.  OWSA requests that this Court permanently enjoin Moongate Water Company (hereinafter "MWC") from encroaching upon its service area, impose a constructive trust on all water lines and facilities constructed by MWC, hold that MWC was unjustly enriched by this encroachment, and award monetary damages and atorney fees pursuant to 42 U.S.C. §§1983 and 1988.  MWC argues that 42 U.S.C. §§1983 and 1988 are not applicable, that the decision of the New Mexico Public Regulation Commission (hereinafter "NMPRC") precludes this suit under the theories of res judicata and collateral estoppel, and that the statute of limitations bars OWSA's claims. Further, MWC argues that the enforcement of 7 U.S.C. § 1926(b) violates the Tenth Amendment of the U.S. Constitution.  MWC also seeks to join the Farmers Home Administration of the United States Department of Agriculture (hereinafter "FmHA").  Finally, MWC contends that it is entitled to summary judgment on OWSA's § 1926(b) claim because the indebtedness of OWSA to the FmHA is artificial, self- imposed, and contrary to public policy.

## II.   FACTS

OWSA, a non-profit association, has provided water service to the Organ area of DoÁa Ana County, New Mexico since 1957.  MWC is a New Mexico corporation and an investor owned public utility regulated by the NMPRC.  The present case deals with OWSA's claim that MWC allegedly encroached upon its service area and started supplying water to some of its customers in violation of § 1926(b).

OWSA received a loan from the FmHA, to construct water facilities within its service

area.  (Substituted Compl. ¶ 1).  Between 1972 and 1993, OWSA began providing water service to the disputed customers in the Tierra Alta area.  Beginning in 1994, MWC extended its water lines into the town of Organ and began to provide water service to five families which, until that time, had been served exclusively by OWSA.  During the summer of 1996, MWC extended its water lines onto Tierra Alta Road to the east of Organ and began to provide water services to several residents who had been served by OWSA.  (Substituted Compl. ¶ 19).

### III.     SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.  *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)).  The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the

moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non-movant on an essential element of the non-movant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Muñoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* The district court may only consider admissible evidence submitted to defeat summary judgment. *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1203 n.1 (10th Cir. 2000); *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1555 (10th Cir. 1995).

## IV.    ANALYSIS

### A.    OWSA'S SUBSTITUTED MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 23) FILED NOVEMBER 16, 2001.

1.      **WHETHER OSWA QUALIFIES FOR § 1926(b) PROTECTION?**

Section 1926(b) applies to rural water districts receiving loans from the FmHA. The statute provides that "[t]he service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body." 7 U.S.C. § 1926(b). The purposes of § 1926(b) are to: (1) encourage rural water development by expanding the number of potential users of such systems, thereby decreasing the per-user cost; and (2) safeguard the viability and financial security of such associations by protecting them from the expansion of nearby cities and towns. *Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192, 1196 (10th Cir. 1999).

Section 1926(b) is broadly construed to protect rural water districts from competition with other water service providers. *See Rural Water District No. 1, Ellsworth County, Kansas v. City of Wilson, Ks.,* 243 F.3d 1263, 1269 (10th Cir. 2001). In order to receive the protection of § 1926(b), a water facility must (1) be an association; and (2) have a continuing indebtedness to FmHA; and (3) have provided or made available service to the disputed area. *Id.* at 1276. Doubts about whether a water association is entitled to protection from competition under §1926(b) should be resolved in favor of the FmHA-indebted party seeking protection for its territory. *North Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 913 (5th Cir. 1996) (holding that the service area of a federally indebted water association is sacrosanct).

With respect to *Rural Water's* three prong analysis, MWC does not dispute that OWSA is an association within the terms of § 1926(b). For the purposes of this motion, it is undisputed that OWSA has been continuously indebted to FmHA since July, 1971. (Undisputed Facts to Br.

in Supp. Pl's Mot. for Partial. Summ. J. at ¶ 5; Def. Resp. ¶ 1)

Only the third test is at issue here. MWC argues that OWSA has not satisfied the "made service available" prong. When applying the "made service available" prong, the Tenth Circuit focuses primarily upon whether the water association has proximate and adequate "pipes-in-the-ground" with which it has served or can serve the disputed customers within a reasonable time. *See Moongate Water Co., Inc. v. Butterfield Park Mutual Domestic Water Assoc.,* 291 F.3d 1262, 1267-68 (10th Cir. 2002) (citing *Sequoyah County*, 191 F.3d at 1203). A water association meets the "pipes-in-the-ground" test by demonstrating that it has "adequate" facilities within or adjacent to the area to provide service to the area within a reasonable time after a request for service is made. *Sequoyah County*, 191 F.3d at 1203 (quoting *Bell Arthur Water Corp. v. Greenville Utilities*, 173 F.3d 517, 526 (4th Cir. 1999)). In *Bell Arthur*, the association had a six inch pipe in place that was insufficient to meet the needs of the area to be serviced. *Id.* at 525-526. "Inherent in the concept of providing service or making service available is the *capability* of providing service or, at a minimum, of providing service within a reasonable time." *Bell Arthur*, 173 F.3d at 526 (emphasis in original). In order to enjoy the protections of § 1926(b) for an area, an association must demonstrate as a threshold matter that it has adequate facilities. *Sequoyah County*, 191 F.3d at 1193. This test amounts to asking whether the water association has the capacity to provide water service to a given customer. *Butterfield Park*, 291 F.3d at 1268.

MWC contends that it is entitled to summary judgment because OWSA does not have adequate facilities to provide normal domestic water service to its present customers. In support of its motion for summary judgment, OWSA submits the affidavit of Ms. Lupe Stammer. Ms. Stammer states that OWSA has the capacity, pipes-in-the ground, and the water rights to be able

6

to meet the demand of all of its customers. (Stammer Aff. ¶¶ 37-38). MWC contends that OWSA is not entitled to summary judgment because OWSA does not have adequate facilities to provide normal domestic water use to its present and current customers and therefore does not have a "service territory" upon which MWC can encroach. (Def.'s Resp. Br. at 11.). MWC argues that, as a result of poor quality and inadequate quantity of water provided, OWSA failed to "make service available" within the meaning of § 1926(b). MWC has submitted the affidavit of Gwen Clifford in support of this contention. Mr. Clifford states that "[i]n 1994, 1995, and at least through July 1996, [OWSA] was unable to provide water to the residents of Tierra Alta in a volume adequate to allow normal residential household use. . . . For years there was no water in a faucet if the commode was filling or the shower was being used." (Clifford Aff. ¶ 5). Mr. Clifford further states that "this very summer, four of the five [OWSA's] customers on Tierra Alta Road have been without water altogether, for at least two days. Also, since June of 1996, fecal matter has been found in OWSA's water supply to Tierra Alta Road on at least one occasion." (Clifford's Aff. ¶ 6). At a minimum, MWC requests discovery on this issue pursuant to Federal Rules of Civil Procedure 56(f).

If services were unavailable by virtue of poor quality and quantity, the protection of 7 U.S.C. § 1926(b) would not be available to OWSA. *Bell Arthur*, 173 F.3d at 526. Because there are issues of material fact in dispute as to the quality and sufficiency of the service available, Plaintiff's motion for partial summary judgment should be denied. Defendant's Rule 56(f) request is moot in light of this ruling which will allow for discovery to continue.

**B.    MWC'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 27),
        FILED DECEMBER 14, 2001.**

### 1. WHETHER MWC IS A STATE ACTOR FOR THE PURPOSES OF 42 U.S.C. § 1983?

MWC argues that it is not a state actor under 42 U.S.C. § 1983 and, therefore, MWC should not be liable for OWSA's attorney's fees under 42 U.S.C. § 1988. To state a claim for relief in a §1983 action, a party must establish that it was (1) deprived of a right secured by the Constitution or laws of the United States and (2) the conduct was committed under the color of state law. *See American Mfr's Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). The Tenth Circuit has already held that MWC is not a state actor under §1983. *Moongate Water Co., Inc. v. Butterfield Park Mut. Domestic Water Ass'n*, 291 F.3d 1262 (10th Cir. 2002). In *Butterfield Park,* Defendant Butterfield counterclaimed against MWC for redress under 42 U.S.C. §1983 for the violation of its federal rights under §1926(b). After finding for Butterfield on the merits, the district court awarded attorney fees and costs to Butterfield pursuant to §1988. The district court found that MWC was a state actor because it provided an essential public service, it is extensively regulated by the NMPRC and the NMPRC gave MWC informal permission to extend service into the disputed area. The Tenth Circuit reversed, holding that MWC's conduct did not qualify as state action because it did not exercise power delegated by the state. *Butterfield Park*, 291 F.3d at 1270.

In the instant case, OWSA argues that MWC is a state actor because it provides an essential public service, it is regulated by the NMPRC and the NMPRC deleted a restriction in MWC's certificate of public convenience and necessity that had prohibited MWC from serving former customers of other water associations in the area. These factors are the same as those rejected by the Tenth Circuit in *Butterfield Park*; OWSA has not shown that MWC exercised any power delegated by the State of New Mexico. Therefore, as a matter of law, MWC is not a state

actor within the meaning of §1983. *Butterfield*, 291 F.3d at 1270.

### 2. WHETHER OWSA'S REQUEST FOR DECLARATORY RELIEF IS TIME BARRED?

An action for declaratory relief is barred to the same extent that the applicable statute of limitations bars the concurrent legal remedy. *See Algrant v. Evergreen Valley Nurseries Ltd. Partnership*, 126 F.3d 178, 185 (3rd Cir. 1997). MWC's brief is limited to a discussion of the statute of limitations for § 1983 actions. MWC does not advance a statute of limitations for §1926(b) and research does not reveal one. However, the equitable doctrine of laches may bar the declaratory request. In order for the doctrine of laches to bar OWSA's declaratory relief claim, MWC must establish: (1) delay on the part of the OWSA in bringing the suit; (2) OWSA's knowledge of the facts; and (3) resulting prejudice to the MWC if the suit is not barred. *In re National Molding Co.*, 230 F.2d 69, 72 (3rd Cir. 1956). Lapse of time is consequential only as the delay causes prejudice. Inexcusable delay and resulting prejudice are at the heart of the doctrine. *Id.* at 72. Here, the record is inadequately made that OWSA caused inexcusable delay that caused MWC to experience any type of prejudice. Therefore, the doctrine of laches does not bar OWSA's declaratory claim pending further hearing.

### 3. WHETHER OWSA'S CLAIM IS BARRED BY RES JUDICATA OR COLLATERAL ESTOPPEL?

MWC moves for partial summary judgment, arguing that there was a judgment by the NMPRC that addressed the issue of 7 U.S.C. § 1926(b) and, as a result, OWSA is barred from relitigating the 7 U.S.C. § 1926(b) claims. OWSA argues that the doctrine of res judicata is inapplicable because there was no final decision on the merits of the NMPRC case.

In determining the preclusive effect of state agency judgments, federal courts give the

agency's decision the same preclusive effect to which it would be entitled in the forum state's courts. *University of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986); *Amoco Production Co. v. Heimann*, 904 F.2d 1405, 1414 (10th Cir. 1990). In the New Mexico courts, the findings of an administrative body may be given preclusive effect in later civil trials if, in addition to meeting the traditional elements of the preclusion doctrine at issue, it is shown that the administrative body: (1) while acting in a judicial or quasi-judicial capacity, (2) resolved disputed questions of fact properly before it, and (3) provided the parties with a full and fair opportunity to litigate the issue at an administrative hearing. *Southworth v. Santa Fe Servs, Inc.*, 125 N.M. 489, 492, 963 P.2d 566, (N.M. Ct. App. 1998) (citing *Shovelin v. Central N.M. Elec. Coop.*, 115 N.M. 293, 298, 850 P.2d 996, 1001 (N.M. 1993).

Under New Mexico law, res judicata has four elements: (1) the same parties or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits. *Anaya v. City of Albuquerque*, 122 N.M. 326, 329, 924 P.2d 735, 738 (N.M. Ct. App. 1996); *Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 693, 652 P.2d 240, 243 (N.M. 1982). The party seeking to bar the claims has the burden of establishing res judicata. *Bank of Santa Fe v. Marcy Plaza Assoc.*, 131 N.M. 537, 540, 40 P.3d 442, 445 (N.M. Ct. App. 2001). Where an issue is not fully adjudicated on the merits, res judicata does not apply. *Ranville v. J.T.S. Enterprises, Inc.*, 101 N.M. 803, 689 P.2d 1274 (N.M. Ct. App. 1984).

In that the NMPRC acted in a judicial capacity and gave the parties a full and fair opportunity to litigate the claims presented, the first and third elements of res judicata are established. However, the second element requires the agency to have jurisdiction before

10

applying claim preclusion. *Southworth,* 125 N.M. at 492, 963 P.2d at 566.  NMPRC only has jurisdiction to regulate "regulated utilities," and it has only limited jurisdiction over OWSA, an "unregulated utility." *Morningstar Water Users Ass'n v. New Mexico Public Utility Com'n*, 120 N.M. 579, 904 P.2d 28 (N.M. 1995).  The NMPRC stated that "[w]e note once again that our limited jurisdiction over mutual domestic water consumer associations under NMSA 1978, Section 62-9-1 renders the task of describing OWSA's service area problematic." (Pl.'s Ex. 4A at 21-23).  N.M. Stat. Ann. 62-9-1 applies only to public utilities and mutual domestic water associations.  *Id*.  Because it was not clear whether the NMPRC had the requisite jurisdiction, the doctrine of res judicata does not bar OWSA's present suit.

In addition, OWSA argues that the previous decision does not constitute a final judgment on the merits because the claims raised there by it were dismissed without prejudice and such a dismissal is not an adjudication on the merits.  Where an issue is not fully adjudicated on the merits, res judicata does not apply.  *Ranville v. J.T.S. Enterprises, Inc*., 101 N.M. 803, 689 P.2d 1274 (N.M. Ct. App., 1984).   OWSA is correct that a dismissal without prejudice "is a dismissal that does not 'operat[e] as an adjudication upon the merits,' and thus does not have a res judicata effect."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (citing FED. R. CIV. P. 41(a)(1)).  The Hearing Officer's recommendation and the NMPRC's order adopting such recommendation clearly state that OWSA's case was dismissed without prejudice.  (Pl.'s Ex. 4A at 28 & Ex. 4C at 45).  Therefore, OWSA's § 1926(b) claim is not barred by the doctrine of res judicata.

MWC also argues that OWSA's claims are barred by the doctrine of collateral estoppel.  Under New Mexico law, the elements of collateral estoppel are:  (1) the party to be estopped was

11

a party or in privity with a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation. *Shovelin v. Central New Mexico Electric Cooperative, Inc.*, 115 N.M. 293, 297, 850 P.2d 996, 1000 (N.M. 1993). The party invoking the doctrine of collateral estoppel has the initial burden of establishing a prima facie case of collateral estoppel. *Padilla v. Intel Corp.*, 125 N.M. 698, 701, 964 P.2d 862, 865 (N.M. Ct. App. 1998). If the prima facie case of collateral estoppel is established, the burden shifts to the party opposing collateral estoppel to show that he was not afforded a full and fair opportunity to litigate the issue in the prior proceeding. *Id*.

The application of 7 U.S.C. §1926(b) to the facts of this case was not actually litigated in the NMPRC proceeding and there was no final decision on the merits. (Pl.'s Ex. 4A at 19, 22-23, 24). Therefore, collateral estoppel is inapplicable.

  **4.  WHETHER OWSA'S PROPOSED APPLICATION OF § 1926(b) VIOLATES THE TENTH AMENDMENT ?**

MWC argues that OWSA's proposed application of 7 U.S.C. § 1926(b) violates the Tenth Amendment of the United States Constitution. (Def. Mot. for Summ. J. ¶ 5). The Tenth Amendment to the United States Constitution provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively or to the people." U.S. CONST. amend. X. If Congress acts pursuant to the powers delegated to it by the Constitution, then it does not violate the Tenth Amendment. *See Glenpool Util. Servs. Auth. v. Creek County Rural Water Dist. No. 2*, 861 F.2d 1211, 1215 (10th Cir. 1988). Therefore, the determination of whether § 1926(b) violates the Tenth Amendment requires

an examination into the powers pursuant to which Congress created the statute.

Congress created §1926(b) pursuant to its powers under the Spending Clause of the United States Constitution. *Id*. at 1215-1216. The Spending Clause gives Congress a wide degree of latitude in determining how to exercise its powers thereunder. *Id.* at 1215-1216; U.S. CONST. art. I, §8, cl.1. Congress may also condition the terms on which it disburses federal money to the states. *Glenpool,* 861 F.2d at 1211-1216. Legislation enacted pursuant to the Spending Clause is much in the nature of a contract. *Id.* In return for federal funds, for example, a state must comply with federally imposed mandates. *Id.*

MWC admits that the Tenth Circuit has held previously that § 1926(b) does not violate the Tenth Amendment of the Constitution. *Glenpool,* 861 F.2d at 1215-1216. However, MWC argues that the present case is distinguishable. In *Glenpool*, the Oklahoma law at issue specifically provided for rural water districts to borrow and accept grants from the FmHA; Oklahoma, by statute, accepted the benefits and, therefore, was bound by Congress' conditions. MWC points out that New Mexico does not have such a statute and, as a result, the Tenth Amendment bars the relief to OWSA under § 1926(b).

MWC's interpretation of *Glenpool* is too restrictive. Contrary to MWC's argument, *Glenpool* did not base its decision solely on the fact that 7 U.S.C. § 1926(b) is not violative of the Tenth Amendment because of the existence of a state statute authorizing federal grants or loans. *Glenpool* also held that, because the right accrued to OWSA under 7 U.S.C. § 1926(b), it is not a permanent exclusive right, but rather a contingent right dependent upon OWSA's outstanding federal debt. *See Glenpool*, 861 F.2d at 1216 (citing *City of Madison, Miss. v. Bear Creek Water Ass'n, Inc*., 816 F.2d 1057 (5th Cir. 1987)). Further, §1926(b) does not curtail the

13

authority of the city or political subdivision to make regulations regarding minimum standards of water service, such as adequate fire hydrants and, therefore, the limits on the provision of water service are restricted in time and in scope so as not to disable the city from performing its governmental function. *See City of Madison*, 816 F.2d at 1057. At most, § 1926(b) ordains a dual water authority function within a municipal area for a period of time. *See id.* Because the overall effect of this statute is not to infringe upon the state's sovereign power, but to foster a cooperative effort between local and federal authorities, the Tenth Amendment is not offended.

MWC's motion for summary judgment should be granted as to OWSA's §1983 and §1988 claims, but denied as to all other arguments.

### C.     MWC'S MOTION FOR JOINDER OF THE FmHA (DOC. 31), FILED FEBRUARY 11, 2002.

MWC moves this Court to join the FmHA as a necessary and indispensable party under Rule 19. MWC argues that because the FmHA has adopted a position that it will not accept the repayment of OWSA's debt from MWC without the consent of OWSA, it is a necessary and indispensable party to this lawsuit. MWC also argues that OWSA's refusal to accept the repayment of its loan, thwarts the statutory purpose of §1926(b) to insure repayment of government loans.

Whether a party is necessary and indispensable is determined by considering the factors set forth in FED. R. CIV.P. 19. The analysis has two parts: first, the court must determine whether a party is necessary under Rule 19(a), and second, the court must determine whether it is indispensable under Rule 19(b). *Salt Lake Tribune Pub. Co. v. AT & T Corp.*, 320 F.3d 1081,

1096 (10th Cir. 2003).

> A party is necessary within the meaning of Rule 19(a) if:
>
>> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).

MWC bears the burden of demonstrating that the FmHA is a necessary party. *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999). The FmHA does not qualify as a necessary party under any of the provisions of Rule 19. Complete relief between MWC and OWSA can be accorded through a judgment for one of the existing parties. Rule 19(a)(2) requires a direct interest in order to join a party. MWC argues that, if OWSA loses and is unable to repay its federal loan, the federal government suffers injury and, therefore, should be joined. If this were the case, the federal government would be joined in most lawsuits that only tangentially affect its interest. Further, MWC has not established that FmHA's absence from the pending lawsuit will adversely impair its interest. Indeed, OWSA has a clear interest in advancing all arguments on behalf of FmHA. MWC's motion for joinder is denied.

**D.   MWC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF INDEBTEDNESS AND THE CLAIM FOR PROSPECTIVE INJUNCTIVE RELIEF (DOC. 36).**

MWC sought partial summary judgment on the issue of indebtedness and for prospective injunctive relief. MWC claims that it offered to repay OWSA's federal loan and that OWSA

15

refused to accept the repayments of its debt. MWC argues that because OWSA refused to accept repayment, OWSA should not be entitled to the protection of 7 U.S.C. § 1926(b). MWC contends that OWSA is refusing the repayment of its loan to retain its monopoly protections. MWC's argument has no merit. As discussed *supra*, the legislative intent of 7 U.S.C. § 1926(b) is to protect rural water districts from competition in order to encourage rural water development. *Sequoyah*, 191 F.3d at 1196. MWC's proposal would thwart the legislative intent behind § 1926(b) if a competitor were allowed to pay off the FmHA loan in order to encroach upon the water association's service area. *Id.* at 1198. Finally, even if a water association has repurchased its loan and discharged its debt to the government, encroachment that occurred during the terms of the loan are protected. *Id.* at 1200**.** Accordingly, MWC's motion for summary judgment should be denied.

### V.     CONCLUSION.

OWSA's  request for partial summary judgment to enforce 7 U.S.C. § 1926(b) and relief under 42 U.S.C. § 1983 is denied. MWC is not a state actor under 42 U.S.C. § 1983 and MWC's motion is granted as to this claim and denied as to all other arguments raised. MWC's request to join the FmHA is similarly denied. Finally, MWC's motion for summary judgment on the indebtedness issue is denied.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that OWSA's Substituted Request for Partial Summary Judgment (Doc. 23), filed on November 16, 2001, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that MWC's Motion for Summary Judgment (Doc.

27), filed on December 14, 2001, is **GRANTED** as to the §§1983 and 1988 claims, and it is **DENIED** as to all other arguments raised in the motion**.**

      **IT IS FURTHER ORDERED** that MWC's Motion For Joinder (Doc. 31), filed on February 11, 2002, is **DENIED**.

      **IT IS FURTHER ORDERED** that MWC's Motion for Partial Summary Judgment (Doc. 36), filed on February 11, 2002, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**