IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ORGAN WATER & SEWER ASSOCIATION,**

    **Plaintiff,**

vs.                                          No. CIV 01-883 RB/WDS

**MOONGATE WATER COMPANY, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** came before the Court on Defendant's (Moongate's) Motion to Reconsider (Doc. 62), filed on March 25, 2004. Jurisdiction is founded upon 28 U.S.C § 1331. Having reviewed the submissions of the parties and the relevant law, I find that this motion should be denied.

    In a motion for partial summary judgment, Moongate argued that the indebtedness of a water association to the United States under 7 U.S.C. § 1926 can be involuntarily extinguished through payment of its debt by a third party. Moongate asserted that Plaintiff (Organ Water) was not entitled to protection under §1926(b) because Moongate offered to repay Organ Water's federal loan, but that Organ Water refused to accept the offer. I denied Moongate's motion for partial summary judgment on the grounds that Organ Water had no duty to accept repayment and that forcing Organ Water to accept repayment would be contrary to the intent of Congress.

    Moongate requests that I reconsider my ruling in light of *Pittsburg County Rural Water Dist. No. 7. v. City of McAlester*, 346 F.3d 1260 (10th Cir. 2003), *superseded on other grounds by*

*Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694 (10th Cir. 2004) (*Pitt-7*). Organ Water responds that Moongate's reliance on *Pitt-7* is untenable because the indebted water association in *Pitt-7* was a subdivision of the state, the language is dicta, and Moongate's position undermines the Congressional intent behind §1926.

The district court has discretion to revise interlocutory orders prior to entry of final judgment. FED. R. CIV. P. 54(b); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Because no final judgment has been entered, Rules 59 and 60(b) are inapplicable. *See* FED. R. CIV. P. 59 and 60(b); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (interlocutory motion invoked the district court's general discretionary authority to revise interlocutory ruling prior to entry of final judgment and timing and tolling considerations of Rule 59 inapplicable); *Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 526-27 (N. D. N. Y. 1995) (Rule 60(b) does not apply to interlocutory or non-final orders). Accordingly, I may exercise my discretion to revisit prior rulings at any time prior to entry of final judgment.

In *Pitt-7*, the Tenth Circuit stated in dicta that the State of Oklahoma could end the restrictions imposed by § 1926 by paying off the water association's loan and ending the period of indebtedness critical to § 1926 protection. *Pitt-7*, 358 F.3d at 718. The opinion is readily distinguishable from the instant case because the water association in *Pitt-7* was a subdivision of the state and the character of the association was defined by Oklahoma law. *Id.* Section 1926 was intended to protect rural water districts from competition, to encourage rural water development, and to provide greater security for the federal loans. *Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow*, 191 F.3d 1192, 1196 (10th Cir. 1999). The Tenth Circuit broadly construes § 1926 to protect rural water districts from competition with other water service providers. *Rural Water Dist.*

*No. 1, Post Rock v. City of Wilson,* 243 F.3d 1263, 1269 (10th Cir. 2001).

*Pitt-7* is readily distinguishable from the instant case because the water association was a subdivision of the state under Oklahoma law. *Pitt-7*, 358 F.3d at 718. Moreover, the language that Moongate relies on is clearly dicta. Allowing a competitor to pay off an association's debt in order to strip it of monopoly protection is contrary to the intent of §1926. Moongate's Motion to Reconsider should be **DENIED**.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**